NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—June, 1884.

SCOFIELD V. ADRIANCE.

*In the matter of the estate of* GEORGE G. SCOFIELD, *deceased.*

Code Civ. Pro., § 779, providing for the enforcement of an award of the costs of a motion, by an execution and a stay of proceedings, does not apply to a Surrogate's court.

Accordingly, where the respondent, in a petition presented to such a court, insisted that the court should refuse to entertain the applica-

tion, upon the ground that petitioner had omitted to pay certain costs awarded against him upon a former motion relating to the same estate,—

*Held*, untenable.

A petition praying for an order directing respondent, as administrator of a deceased administrator, to account for, and deliver to petitioner, "any of the trust property" which has come to respondent's possession or is under his control, is fatally defective if it fail to allege the possession or control, by the respondent, of property of the first decedent (Code Civ. Pro., § 2606).

Le Count v. Le Count, 1 *Dem.*, 29—followed.

PETITION by Jesse Scofield, administrator *de bonis non* of decedent, to compel Margaret E. Adriance, administratrix of the estate of Catharine A. Scofield, petitioner's predecessor, to account for, and deliver to petitioner, certain property. The facts appear sufficiently in the opinion.

F. HEMMING, *for petitioner.*

ELLIOT SANDFORD, *for respondent.*

THE SURROGATE.—This decedent died in December, 1878, leaving an estate of which his widow, Catharine A. Scofield, was, in January, 1879, appointed administratrix. She remained such until her own decease in August, 1882. In October of that year, she was succeeded by this petitioner, Jesse Scofield, who was then appointed administrator *de bonis non*. In December, 1883, Margaret E. Adriance, the respondent, became administratrix of the estate of Catharine A. Scofield. This petition prays for an order directing the respondent, as such administratrix, to account for and deliver over to the petitioner any of the trust property which has come to her possession or is under her control.

*First.* Counsel for respondent insists that the

Surrogate should refuse to entertain this application until the petitioner has paid certain costs awarded against him upon a former motion relating to the affairs of this estate.  It is conceded that these costs have not as yet been paid.  The claim that their non-payment is a bar to the present proceeding is founded upon the provisions of § 779 of the Code of Civil Procedure, which declares that, where costs of a motion directed by an order to be paid are not paid within a time in such section specified, "all proceedings on the part of the party requiring [required] to pay them, except to review or vacate the order, are stayed without further direction of the court until the payment thereof."

It is insisted by the petitioner that the present proceeding has no such relation to that in which costs were awarded against him as to be stayed by their non-payment.  This, however, is a question which need not here be determined; for an examination of certain provisions of the Code has satisfied me that § 779 has no application to Surrogates' courts.  That section is contained in chapter 6, which consists of six titles.  Title 1st and a portion of title 6th are expressly made applicable to Surrogates' courts by § 2538.  But no reference is therein made to title 5th, of which § 779 forms a part.  It is further provided by subdivision 6 of § 3347 that (save for certain exceptions which will be presently noted) "chapter 8 applies only to proceedings . . . in an action or special proceeding in one of the courts specified in subdivision fourth of this section."  The courts so specified in subdivision fourth are the Supreme court, Superior city courts, the Marine court of the city of New York and County courts.  Manifestly

§ 779 has no application to proceedings in this tribunal, unless it falls within the exceptions specified in sub-division 6. It does not. The respondent's preliminary objection is therefore overruled.

*Second.* I must, however, deny the petition upon its merits. It does not allege that any property belonging to decedent's estate has ever come into the possession of this respondent, or that any such property is now under her control. It is only as to such property that the Surrogate has jurisdiction to direct an accounting (Code Civ. Pro., § *2606 ;* LeCount v. LeCount, 1 *Demarest,* 29, and cases cited ; Maze v. Brown, *ante,* 217.)